UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILTON C. SHORT,<br><br>  Plaintiff,<br><br>v.<br><br>ZBS LAW LLP, et al.,<br><br>  Defendants. | Case No. 24-cv-07908-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING MOTION TO STRIKE AS MOOT**<br><br>Re: Dkt. Nos. 36, 38, 41, 46, 51 |

Plaintiff Wilton C. Short, who is representing himself, brings this lawsuit against Defendants Bosco Credit, LLC and Franklin Credit Management Corp. stating six causes of action related to Defendants' efforts to foreclose on 240 Buchanan Road, Pittsburg, CA 94565 (the "Property"). Because the amended Complaint (Dkt. No. 28, "FAC") does not state a claim for relief, Defendants' Motion to Dismiss (Dkt. No. 36, "MTD") is **GRANTED WITH LEAVE TO AMEND** and Short's Motion for a Preliminary Injunction (Dkt. No. 41, "PI Motion") and Emergency Request for Expedited Ruling on Pending Emergency Motion for Injunctive Relief (Dkt. No. 51) are **DENIED**. This ruling assumes the reader is familiar with the facts and the arguments made by the parties.

I.  **LEGAL STANDARD**

In determining whether a complaint fails to state a claim, the Court considers whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

1

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege a factual and legal basis for each claim sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), and it also need not accept a plaintiff's legal conclusions as true, *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without legal representation, the Court must construe the complaint liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit also applies an alternative "sliding scale" approach to the *Winter* factors wherein "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. "The preliminary injunction inquiry into the likelihood of success 'on the merits' refers to success on the merits of the legal causes of action *in the complaint*, not the likelihood of success on the motion." *Giannini v. Cnty. of Sacramento*, No. 21-cv-0581-KJN, 2022 WL 3083935, at *4 (E.D. Cal. Aug. 3, 2022) (emphasis in original). At the preliminary injunction stage, plaintiff has the burden of proof and must provide evidence to establish his

entitlement to relief.  *Winter*, 555 U.S. at 23.

## II.   MOTION TO DISMISS[1]

***Invalid Assignment.***  The bulk of Short's claims stem from the same factual allegation: Short alleges that Bosco was improperly assigned the Deed of Trust by Short's original lender, Cal State 9 Credit Union.  (FAC ¶¶ 10-19.)  Short alleges three deficiencies in the assignment: (i) Cal State 9 was in conservatorship when assignment was made, (ii) Cal State 9 had been liquidated when the assignment was recorded, and (iii) Bosco's formation post-dated the assignment.

First, Short does not plausibly plead that Cal State 9 was unable to make assignments while it was under conservatorship.  Short alleges that "at the time of conservatorship, Cal State 9 was a full service FISCU with five branches and approximately 27,000 members."  (FAC ¶ 13.)  Cal State 9 was not liquidated until after the assignment was made.  The "Material Loss Review of Cal State 9 Credit Union," which Short attaches to and relies on in his Complaint, states that it was upon "involuntary liquidation" on June 30, 2008 that Cal State 9's "assets" were transferred to Patelco Credit Union.  (Dkt. No. 28-1 at 2, 8.)[2]  The assignment was effective May 27, 2008 (*id.* at 66), which was before the liquidation and asset transfer.  Nor does the Complaint allege any other reason that Cal State 9 lacked the authority to assign the deed of trust while in the conservatorship, prior to its liquidation.  Being in conservatorship, standing alone, does not prevent an entity from completing transactions under the conservator's authorization or at its direction, which the Complaint does not allege was lacking.  *See* 12 U.S.C. § 1786(h); *Nat'l Credit Union Admin. Bd. v. RBS Sec., Inc.*, 833 F.3d 1125, 1129 (9th Cir. 2016) ("NCUA has the

---

[1] Defendants' request for judicial notice (Dkt. No. 38) is granted because the relevant documents are publicly recorded or, with regard to Exhibit 2, incorporated by reference in the Complaint. *See Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1263-64 (C.D. Cal. 2010) (taking judicial notice of documents recorded in the county recorder's office).  For purposes of considering Defendants' motion to dismiss, the Court disregards the parties' declarations and other exhibits, which are not relevant to the sufficiency of the pleadings.  *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 2003).

[2] All references to page numbers refer to ECF pagination.

3

authority to step in as a conservator to preserve the credit union's assets and to protect the Fund.").

Second, the fact that the assignment was recorded after Cal State 9 was liquidated is not relevant to the validity of the assignment. *See Spangler v. Selene Fin. LP*, No. 16-cv-01503-WHO, 2016 WL 5681311, at *3, 5 (N.D. Cal. Oct. 3, 2016) (collecting cases holding that "an assignment become[s] effective on the date of assignment, not when it is recorded"). This is because "the purpose of recording an assignment is to put parties who subsequently purchase an interest in the property on notice regarding which entity owns a debt secured by the property." *Beck v. U.S. Bank Nat'l Ass'n*, No. 17-cv-0882, 2017 WL 6389330, at *4 (W.D. Wash. Dec. 14, 2017).

Third, Short does not plausibly allege that Bosco's formation post-dated the assignment. The California Secretary of State Limited Liability Company Application Registration, which Short relies on in his Complaint, appears to show that Bosco Credit LLC was formed on July 13, 2007, ten months before the alleged assignment on May 27, 2008. (Dkt. No. 28-1 at 66, 69-70.) Though the registration that Short attaches appears to show that Bosco was not registered with the California Secretary of State until after the assignment, Bosco's registration status does not render the assignment void. The statue governing foreign limited liability companies provides that a foreign LLC "shall not maintain an action or proceeding in this state" until it is registered, but does not state that transactions entered into prior to registration are void. Cal. Corp. Code § 17708.07(a); *see also Perlas v. Mortg. Elec. Registration Sys., Inc.,* No. 09-cv-4500-CRB, 2010 WL 3079262, at *1 (N.D. Cal. Aug. 6, 2010) ("[t]here is no authority for the argument that because MERS was unregistered, its contractual obligations are void").

Because the allegations of invalid assignment are not plausible even if liberally construed, each of the enumerated causes of action listed below are dismissed to the extent they are based on the allegedly invalid assignment. Additionally, although the Court does not reach this issue, to the extent Short seeks to base his statutory, contractual, and fraud-based causes of action on the allegedly invalid assignment in 2008, these claims would likely be precluded by the

4

statute of limitations applicable to each claim because the assignment, the conservatorship, and the liquidation all appear to be matters of public record.

Finally, the Court notes that Short does not enumerate a cause of action for wrongful foreclosure.[3]  However, even if his Complaint were construed as raising that claim based on the allegedly invalid assignment (which the Complaint does not appear to do), the claim would fail for the reasons discussed above.  *See*, *e.g.*, *Ancheta v. Mortg. Elec. Registration Sys., Inc.*, No. 16-cv-06520-YGR, 2017 WL 1164288, at *5 (N.D. Cal. Mar. 29, 2017) (motion to dismiss granted where allegation that assignment was void due to lack of authority were conclusory and not plausible).

**TILA.**  Short alleges that because "Cal State 9 failed to provide [Short] with the legally required three-day right of rescission or cooling-off period documents" when it issued the loan in 2005, he has a right of recission under 15 U.S.C. § 1635.  (*See* FAC ¶¶ 31, 35-36.)  However, the right of recission "expire[s] three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."  *See* 15 U.S.C. §1635(f).  Section 1635(f) "is a statute of repose that completely extinguishes the right of rescission after three years."  *See Gutierrez v. PNC Mortg.*, No. 10-cv-01770, 2012 WL 1033063, at *5 (S.D. Cal. Mar. 26, 2012).  Therefore, Short has not stated a claim for rescission under TILA regarding the transaction, which took place 20 years ago.  To the extent Short seeks damages related to the failure to provide the relevant documents, his claim is barred by the statute of limitations.  *See* 15 U.S.C. § 1640(e).

Short requests leave to amend his Complaint to restate his TILA allegations regarding the alleged disclosure of his confidential information in the notice of sale ("NOS") as violations of

---

[3] "A plaintiff may claim that a 'nonjudicial foreclosure was wrongful' if the assignment 'by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void.'" *Suruki v. Ocwen Loan Servicing, LLC*, 735 F. App'x 286, 288 (9th Cir. 2018) (citing *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016)).

the FDCPA under section 805(b) (15 U.SC 1692d).  (Dkt. No. 43 at 12-13.)  As discussed in further detail below, the Court grants Short's request only to the extent Short is able, through amendment, to plead that Defendants are debt collectors under the meaning of the FDCPA.

*FDCPA.*  Short alleges violations of the FDCPA stemming from Defendants' alleged misconduct in the last year.  (FAC ¶ 43.)  Specifically, Short complains of Franklin Credit's allegedly insufficient response to Short's request for debt verification on October 23, 2024, in violation of 15 U.S.C. § 1692g.  (*Id.* ¶¶ 45-46; Dkt. No. 28-1 at 72.)  However, Short does not plausibly allege that Defendants are debt collectors under the meaning of section 1692g.  The Supreme Court has held that entities engaged in only a "nonjudicial foreclosure proceeding[] are not debt collectors within the meaning of the Act." *See Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019) (citing 15 U.S.C. § 1692a(6)).  The Ninth Circuit has held that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Vien-Phuong Thi Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017); *see also Tierney v. Carrington Mortg. Servs., LLC,* No. 22-35221, 2023 WL 2783241, at *2 (9th Cir. Apr. 5, 2023) (same).  Here, the only factual allegations in the Complaint as to Franklin Credit's actions in the past year are its efforts to foreclose on the property, including its sending the notice of default ("NOD"), prior to Short's request for verification, and a NOS after Short's request for verification.  (FAC ¶¶ 20, 28.)  Therefore, Short has not plausibly pled that Franklin Credit, or Bosco, are "debt collectors" under the meaning of section 1692g.

Short's allegations of "harassment and abuse" and "unfair practices" in violation of 15 U.S.C.§§ 1692d and 1692f (FAC ¶¶ 47-50) fail for the same reason, because the only facts alleged in support of those claims concern Franklin Credit's efforts to foreclose on the property.[4]

---

[4] The Complaint references the Rosenthal Act in the same enumerated cause of action as the FDCPA, but does not include allegations regarding any specific violation of that act.  Therefore, to the extent Short intended to assert a claim under the Rosenthal Act, that claim is dismissed as conclusory.

As such, Short's claim under the FDCPA must be dismissed.

***GLBA.***  Short recognizes that no private right of action exists under the GLBA.  (FAC at 29 n. 6); *see also Barnett v. First Premier Bank*, 475 Fed. Appx. 174, 174 (9th Cir. 2012) (no private right of action under GLBA for alleged disclosure by bank of the plaintiff's financial information without a warrant, subpoena, or his consent).  Short alleges that he "may" be bringing state law claims under theories "such as California's unfair business practices law (California Business and Professions Code Section 17200) or laws governing privacy and data protection" in connection with his GLBA allegations, but he does not specify which state law claims he is bringing.  (FAC at 29 n. 6.)  Though Short is representing himself, and his Complaint is liberally construed, he still needs to comply with Federal Rule of Civil Procedure 8's requirement that he identify what claims he is bringing.  Moreover, Short does not allege what nonpublic personal information was disclosed with respect to the pay-off statements or how he was damaged by the alleged disclosure.  Because the allegations fall short of these legal requirements, Short's claim for violation of the GLBA is dismissed.

***Breach of Contract.***  Short does not state a claim for breach of contract.  The allegations of breach are:  (i) Franklin Credit did not respond to a 2024 request for debt verification, and (ii) Defendants mailed the NOS to Short's neighbor's address.  However, even liberally construed, Short does not identify a contractual basis for either of these alleged duties.  As such, his breach of contract claim must be dismissed.  *See Missud v. Oakland Coliseum Joint Venture*, No. 12-cv-02967-JCS, 2013 WL 812428, at *20 (N.D. Cal. Mar. 5, 2013).

***Fraud and Misrepresentation.***  Short's remaining allegations of fraud, which relate to the pay-off statements (FAC ¶¶ 69-71), fail as a matter of law because he lacks standing "to pursue a claim of fraud directed at someone other than [him]self."  *Naseth v. Acoustic Home Loans, LLC*, 752 F. Supp. 2d 1175, 1184 (W.D. Wash. 2010).  To the extent there was a misrepresentation made in how Defendant allegedly requested Short's pay-off statements, the fraud was directed at Short's first mortgage holder, not at Short.  *Id.* (alleged misrepresentations by mortgage broker in preparing a loan application were directed at the lenders, not the loan

7

applicant.)  Furthermore, even if Short had the requisite standing, a heightened pleading standard applies to fraud-based claims, requiring allegations of particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading.  *See* Fed. R. Civ. P. 9(b); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 & n. 7 (9th Cir. 1994) (en banc).  A plaintiff must also allege reasonable reliance and resulting damages.  *Ward v. Pickett*, No. 13-cv-01735-DMR, 2013 WL 5496549, at *4 (N.D. Cal. Oct. 3, 2013) (citing *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003)).  Short's allegations do not meet these requirements and must be dismissed for this additional reason.

*UCL*.  To the extent that Short's UCL claim is derivative of the other claims that the Court dismisses in this order, the derivative UCL claim must also be dismissed.  *See Avila v. Bank of Am.*, No. 27-cv-222-HSG, 2017 WL 4168534, at *5 (N.D. Cal. Sept. 20, 2017) (dismissing UCL claim to the extent it is derivative of other claim dismissed in the same order).  Short remaining allegation regarding his lack of a "single point of contact" during the foreclosure process is too conclusory to state a claim for relief.   Therefore, the UCL claim is dismissed.

## III. MOTION FOR PRELIMINARY INJUNCTION[5]

Because Defendants' motion to dismiss is granted in full for the reasons discussed above, Short's motion for a preliminary injunction is denied, because he fails to show likelihood of success on the merits or a serious question going to the merits.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Sambreel Holdings LLC v. Facebook, Inc.*, 906 F. Supp. 2d 1070, 1082 (S.D. Cal. 2012) ("In light of the above determinations [granting] the motion to dismiss, the Court does not find a likelihood of success on the merits of Plaintiffs' claims, and the motion for preliminary injunction is therefore denied.").

The Court notes that the parties spend a significant portion of the motion to dismiss briefing and motion for a preliminary injunction briefing discussing the following facts:  (i) that

---

[5] Short's Motion for Leave to File Supplemental Brief (Dkt. No. 46) is granted.

on June 17, 2022 Short "recorded a Declaration for Lost Deed of Trust and Bond" related to the Property (*see* Dkt. No. 41-6), and (ii) that on November 12, 2024 Short filed a Lis Pendens related to this litigation (*see* Dkt. No. 41-8). While both documents pre-date the FAC, neither document forms the basis for a claim in the Complaint. Therefore, neither document is relevant to the Court's determination that Short has failed to show likelihood of success on the merits.

The Court has also reviewed Short's emergency motion seeking an expedited ruling, which was filed April 8, 2025. (Dkt. No. 51.) Short has attached a notice of eviction and states that his is in "imminent danger of displacement and irreparable harm." (*Id.*) However, Short's ability to show a likelihood of irreparable harm is not sufficient to establish entitlement to injunctive relief because he has not shown a likelihood of success on the merits or a serious question going to the merits of his claims. *See Columbia Sussex Mgmt., LLC v. City of Santa Monica*, No. 19-cv-09991, 2019 WL 6893967, at *4 (C.D. Cal. Dec. 18, 2019) ("Even had Plaintiffs established a likelihood of irreparable injury, a preliminary injunction is not appropriate because Plaintiffs have not shown a likelihood of success on, or serious questions going to, the merits."). Therefore, both requests are denied.

## IV.     CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss (Dkt. No. 36, "MTD") is **GRANTED**, Short's Motion for Leave to File Supplemental Brief (Dkt. No. 46) is **GRANTED**, and Short's Motion for a Preliminary Injunction (Dkt. No. 41) and Emergency Request for Expedited Ruling on Pending Emergency Motion for Injunctive Relief (Dkt. No. 51) are **DENIED**. Defendants' Motion to Strike (Dkt. No. 36) is **DENIED AS MOOT**. The dismissal of the Complaint is with leave to amend. Though it is not clear that Short will be able to cure the deficiencies identified above, this will be his first opportunity to amend after being informed of the legal requirements, and the Court is willing to extend him the benefit of the doubt, particularly because he is proceeding without the benefit of an attorney. If Short wishes to file an amended complaint correcting the deficiencies identified above, he shall do so by **May 8, 2025**. The amended complaint may not add new claims or parties, or otherwise change

the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

Any amended complaint that Short files must be complete in itself, including all information about the surviving claim and parties, because it replaces the previously filed complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Although Short is not represented by a lawyer, he is still required to follow the Federal Rules of Civil Procedure and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a). Failure to timely file an amended complaint that cures the above-identified deficiencies before the deadline could also lead to dismissal of the complaint without further notice.

As an unrepresented litigant, Short may seek free assistance from the Northern District's Legal Help Center; he can make a telephone appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org. At the Legal Help Center, Short may speak with an attorney who may be able to provide free basic legal help but not representation. The District Court's website also has information about how to represent yourself and a link to the District Court's handbook on civil litigation for pro se litigants. *See* https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: April 8, 2025

RITA F. LIN
United States District Judge