UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILTON C. SHORT,<br><br>        Plaintiff,<br><br>    v.<br><br>ZBS LAW LLP, et al.,<br><br>        Defendants. | Case No.  24-cv-07908-RFL<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 53 |

Plaintiff Wilton Short, who is representing himself, filed a lawsuit in federal court on November 11, 2024, challenging actions taken by Defendants in the lead-up to foreclosure on his home.  (Dkt. Nos. 1, 28.)  On April 8, 2025, Short's complaint was dismissed with leave to amend.  (Dkt. No. 52.)  On April 16, 2025, Short filed a complaint in state court, and subsequently amended it so that it now "mirrors the key parties, facts, and claims at issue" in this case.  (Dkt. 55-1 ¶ 16; Dkt. No. 56 at 1; Dkt. No. 56-1.)  Short seeks to stay proceedings in this case pending resolution of the later-filed state court action under the *Colorado River* doctrine. (Dkt. No. 53.)  Because no exceptional circumstances warrant a stay, Short's motion is **DENIED**.

The *Colorado River* doctrine is a narrow exception to "the virtually unflagging obligation" of the federal courts "to exercise the jurisdiction given them." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1208 (9th Cir. 2021) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).  Circumstances warranting a stay under the doctrine are "exceedingly rare."  *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005).  A court's "task . . . is not to find some substantial reason

for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 25 (1983) ("*Moses H. Cone*").

The *Colorado River* doctrine may be applied when the federal and state court actions are sufficiently parallel—that is, where substantially the same parties are contemporaneously litigating substantially the same issues in different forums. *See State Water Res. Control Bd.*, 988 F.3d at 1203 (explaining that this issue "controls the outcome" of the analysis). In addition to the parallelism requirement, other non-exclusive factors may guide the discretionary determination of whether a *Colorado River* stay is warranted:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping . . .

*Id.* (citing *R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 978–79 (9th Cir. 2011)). A court may determine how much weight to assign each factor it considers, but the balance of factors is "heavily weighted in favor of the exercise of jurisdiction." *Holder v. Holder*, 305 F.3d 854, 870–71 (9th Cir. 2002) (citing *Moses H. Cone*, 460 U.S. at 16).

In opposition, Defendants argue that the parallelism requirement is not met because this action relates to alleged pre-foreclosure misconduct while Short's state court action challenges the foreclosure itself. (Dkt. No. 55 at 6–7.) However, Short avers that he has amended his state court complaint to add claims related to the same alleged pre-foreclosure misconduct that is the subject of this suit. (Dkt. No. 56 at 1, Dkt. No. 56-1.) Having reviewed the state court amended complaint, the Court agrees that this action and the state court action are now substantially similar. They involve the same parties and the same underlying conduct—even if they do not

assert identical claims.[1]  *See Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("It is enough if the two proceedings are 'substantially similar.'").

However, the remaining factors do not support the issuance of a stay.  The first two factors and the fifth factor are neutral:  The state court is not alleged to have taken possession over the property at issue, both the state court and federal court are convenient forums for the litigation, and this case implicates both federal and state law claims.[2]  The third factor weighs slightly in favor of a stay:  Because the underlying facts of both cases overlap, judicial efficiency would be served by allowing the more comprehensive state court action to proceed first.  However, "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance."  *R.R. St. & Co. Inc.*, 656 F.3d at 979.  "Instead, there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic."  *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842–43 (9th Cir. 2017) (citations omitted).  Here, Short's claims have already been considered, and he received a ruling on the merits before he filed the state court action.  (Dkt. No. 52.)  Short does not raise any specific "exceptional circumstances," beyond duplication of efforts, for why it would be improper to continue to adjudicate his claims to resolution.

The remaining two factors—where the suit was filed first and the risk of forum shopping if jurisdiction is asserted—weigh against the issuance of a stay.  As previously discussed, Short's action was pending in federal court for approximately six months, and Short received a ruling on the merits of his claims, before Short filed his state court action.  The *Colorado River* doctrine

---

[1] Defendants argue that because there is diversity jurisdiction in this case, there is exclusive federal jurisdiction over Short's federal claims, making the *Colorado River* doctrine inapplicable.  (Dkt. No. 55 at 8.)  None of Short's federal claims, however, involve statutes over which the federal courts have exclusive jurisdiction.  *See Gomez v. True Leaf Farms, LLC*, No. 15-cv-02928-RMW, 2015 WL 6094065, at *4 (N.D. Cal. Oct. 16, 2015) ("In general, a state court has concurrent jurisdiction to enforce a right created by federal law unless the statute excludes concurrent jurisdiction or is incompatible with such jurisdiction.").

[2] The sixth factor, "whether the state court proceedings can adequately protect the rights of the federal litigants," is not relevant because it is Short, rather than Defendants, who is seeking the stay.

does not permit a "plaintiff [to] hedge its bets by filing a federal claim in federal court, placing that claim on hold, and taking a shot with an analogous cause of action in state court." *Legal Econ. Evaluations, Inc. v. Metro. Life Ins. Co.*, 39 F.3d 951, 956 (9th Cir. 1994).

Because there are no exceptional circumstances warranting the issuance of a stay, Short's motion (Dkt. No. 53) is **DENIED**. Any amended complaint remains due by May 29, 2025.

Dated: May 22, 2025

RITA F. LIN
United States District Judge