UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILTON C. SHORT,

              Plaintiff,

      v.

ZBS LAW LLP, et al.,

              Defendants.

Case No.  24-cv-07908-RFL

**ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT**

Re: Dkt. No. 59

The Court previously dismissed Plaintiff Wilton Short's First Amended Complaint, which asserted a variety of federal and state law claims related to a foreclosure, for failure to state a claim.  (Dkt. No.  52.)  Dismissal was with leave to amend, but Short was instructed that he must seek leave prior to asserting any *new* claims.  (*Id.* at 9–10.)  Short now seeks leave to file a Second Amended Complaint ("Proposed SAC"), in which he asserts new state law claims and no federal claims.  (Dkt. No. 59.)  The Proposed SAC asserts that the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332.  (Dkt. No. 59-1 at ¶ 1.)  The Proposed SAC alleges that Short is a citizen of California.  (*Id.*)  Defendant ZBS Law, LLP is alleged to have its "principal place of business in California."  (*Id.*)

The Court ordered supplemental briefing on whether, if amendment were granted, diversity jurisdiction would exist over the action.  (Dkt. No. 65.)  In response, the parties agree that that diversity has not been pled by Short in the Proposed SAC.  (Dkt. No. 67 at 1; Dkt. No. 66 at 4.)  Specifically, Short concedes that he has not alleged that ZBS Law is a diverse party because he did not allege the citizenship of ZBS Law's members.  (Dkt. No. 67 at 1); *see also See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (explaining that the citizenship of a limited liability partnership for diversity purposes is determined by examining the citizenship of

1

each member of the partnership).  Defendants submitted a declaration from a ZBS Law

employee declaring, under penalty of perjury, that its managing partner is a citizen of California.

(Dkt. No. 66-1 ¶¶ 1, 30.)  Therefore, because Short has not pled that all Defendants are diverse

from him, diversity jurisdiction would not exist over the Proposed SAC.  28 U.S.C. § 1332.

Neither is there jurisdiction under 28 U.S. Code § 1331 because, even when liberally construed,

none of Short's claims arise "under the Constitution, laws, or treaties of the United States."  28

U.S.C. § 1331.  Moreover, the Court declines to exercise supplemental jurisdiction under 28

U.S.C. § 1367(c) based on the previous assertion of now-dismissed federal claims, given the

early stage of the case and the substantial predominance of state law claims.

Leave to amend is to be freely given "when justice so requires" (Fed. R. Civ. P. 15), but

"[a] court properly exercises its discretion in denying leave to amend if the proposed amendment

would be futile."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d

981, 990 (9th Cir. 2008).  Because the Court would lack subject matter jurisdiction over the

Proposed SAC, amendment would be futile, and leave to amend is **DENIED**.

Because there will be no amendment, the previously dismissed claims in the First

Amended Complaint shall remain dismissed with prejudice (*see* Dkt. No. 52 at 9–10), and the

case will be closed.


**IT IS SO ORDERED.**

Dated: September 3, 2025

_____

RITA F. LIN
United States District Judge

2